UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILUZ T. N.,[1] | No.  1:25-cv-01950-JLT-FJS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS |
| v. | (Doc. 1) |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | [21-DAY OBJECTION DEADLINE] |

Petitioner Mariluz T. N. is a noncitizen whom immigration authorities released on April 22, 2024, on her own recognizance, but then re-detained on November 14, 2025, during a routine Immigration and Customs Enforcement ("ICE") check-in.  On December 19, 2025, Petitioner filed the instant habeas petition along with a motion for temporary restraining order ("TRO"). (Docs. 1, 2.) On January 22, 2026, the Court converted the motion for TRO into a motion for preliminary injunction and granted said motion. (Doc. 14.) The Court ordered Respondents to provide Petitioner with a substantive bond hearing no later than February 2, 2026, at which the immigration judge will determine whether Petitioner poses a risk of flight or a danger to the community if she is released. Respondents were granted 45 days to file a further brief on the

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

merits or file a notice that it does not intend to file an additional brief. Over 45 days have passed, and Respondents have not filed additional briefing.

As Respondents submit no further argument, for the reasons stated in the order granting preliminary injunction, the Court concludes that Respondents violated Petitioner's due process rights by re-detaining her without notice, without opportunity to respond, and without any material change in circumstances concerning whether Petitioner is a danger to the public or a flight risk.  The Court hereby RECOMMENDS that the petition be GRANTED in part.

Petitioner's prayer for relief seeks immediate release from custody. (ECF No. 10 at 14.) Respondent's proffer of Petitioner's multiple violations of the Alternative to Detention program (ECF No. 8) dissuades this Court from recommending an immediate release. If the immigration judge determines that further detention is appropriate, Petitioner can pursue her appellate rights in that forum. Relatedly, this Court recommends that the provisional restraints imposed on Respondent in the Court's December 22, 2025, minute order (ECF No. 6) be dissolved because the Petitioner will have been granted the relief to which she is entitled in this proceeding.

As to holding the case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), the parties have not submitted further briefing. The Court doubts the Ninth Circuit decision will impact the Court's conclusion that Petitioner has a protected liberty interest that arises from her prior release from immigration custody. This Court and a majority of other courts that have considered the legal arguments at issue have repeatedly rejected Respondents' position. Accordingly, the undersigned recommends declining to hold the matter in abeyance.

RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be GRANTED in part. Respondent's re-detention of Petitioner without notice, opportunity to respond, and change in circumstances violated her procedural due process rights. Insofar as a bond hearing has already been ordered, the Court does not recommend additional relief. The Court further recommends that the provisional restraints on Respondents recited in the December 22, 2025, minute order (ECF No. 6) be dissolved.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **April 8, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

3