**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILUZ T. N., | No.  1:25-cv-01950 JLT FJS (HC) |
| Petitioner, | ORDER SETTING ASIDE PREVIOUS ORDER ADOPTING (Doc. 18) AND JUDGMENT (Doc. 19) |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 16) |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART, DISSOLVING PROVISIONAL RESTRAINTS PREVIOUSLY IMPOSED, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Mariluz T. N. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (See Doc. 1.) The Petition seeks, among other things, immediate release from custody. (Doc. 1 at 14.)

On January 22, 2026, the Court granted a preliminary injunction, ordering Respondents to provide Petitioner a bond hearing. (Doc. 14.) On April 9, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition in part. (Doc. 16.) On April 27, 2026, Petitioner filed objections.  (Doc. 17.)  On April 30, 2026, the Court adopted the findings and recommendations, inadvertently doing so on the day of the deadline. (Doc. 18.) That same day,

1

Respondent filed timely objections, arguing that because Petitioner had already been afforded a bond hearing (at which bond was denied), the matter should be dismissed as moot. (Doc. 20.) Because the April 30, 2026 order adopting (Doc. 18) and judgment (Doc. 19) were entered before the deadline and without considering Respondents' timely objections, those orders will be vacated.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case considering all objections. Having carefully reviewed the matter, the Court again concludes the Findings and Recommendations are supported by the record and proper analysis. Because the Petition requests immediate release, the Court finds that the preliminary relief ordered by the Court on January 22, 2026, does not moot the case even though that order has been implemented by Respondents. Thus, addressing the Petition is appropriate.

Based upon the foregoing, the Court **ORDERS**:

1.      The April 30, 2024 order adopting (Doc. 18) and judgment (Doc. 19) are **VACATED**.

2.      The Findings and Recommendations issued on April 9, 2026, (Doc. 16), are **ADOPTED** in full.

2.      The petition for writ of habeas corpus is **GRANTED IN PART**.[1]

3.      The Court's provisional restraints previously imposed on Respondent on December 22, 2025, are **WITHDRAWN**.

4.      The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **May 8, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[1] As a bond hearing has already been ordered, the Court does not find any additional relief warranted.

2